Kevin G. HOUSER, Petitioner—
Appellant,

v.

E.K. MCDANIEL; Frankie Sue Del
Papa, Respondents—Appellees.

No. 04–15754.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided May 12, 2005.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Petitioner Kevin Houser ("Houser") appeals the denial of his § 2254 habeas petition, contending that his guilty plea was not knowing, intelligent, or voluntary in light of the totality of the circumstances, contrary to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Houser points to many factors that he argues collectively contributed to the involuntariness of his plea, such as his age, mental capacity, limited time to review the plea agreement, fear of the death penalty, and failure of the state court judge to specifically inquire about his waiver of his rights.[1]

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that this circuit has previously rejected the notion that *Boykin requires* articulation by the state court judge of the rights

However, the voluntariness of a plea must be judged by the totality of the circumstances, *Brady*, 397 U.S. at 749, 90 S.Ct. 1463. Many factors here weigh in favor of voluntariness: Houser was represented by counsel, was able to consult with his mother, was experienced with the plea process and criminal justice system, and had been given a written plea agreement that explained his rights and his potential sentence. Houser indicated on the record that he had read and understood the plea agreement, and his attorney testified he reviewed it with Houser line by line.

Moreover, even if we might reach a different conclusion if we were reviewing this issue *de novo* in a direct appeal, we are constrained by AEDPA's standard of review. The Nevada Supreme Court's decision was not contrary to or an unreasonable application of Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 384–90, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Brown v. Payton*, —— U.S. ——, —— – ——, 125 S.Ct. 1432, 1439–40, 161 L.Ed.2d 334 (2005) ("Even on the assumption that [the state court's] conclusion was incorrect, it was not unreasonable, and is therefore just the type of decision that AEDPA shields on habeas review.").

AFFIRMED.

waived by the defendant, if the waiver can otherwise be gleaned from the record. *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974).

